

**U.S. Department of Justice**

Civil Division

_____

*Washington, DC 20530*
Tel: (202) 514-9242
Fax: (202) 616-8470
Ethan.P.Davis@usdoj.gov

October 19, 2010

Judge Freda L. Wolfson
United States District Court
District of New Jersey
402 East State Street Room 2020
Trenton, NJ 08608

SUBJECT: *Purpura et al. v. Sebelius et al.*, Case No. 3:10-cv-04814 (D.N.J.)

Dear Judge Wolfson:

    Defendants respectfully submit this letter in response to plaintiffs' application for a temporary restraining order.  *See* Dkt. # 4.

    Plaintiffs Nicholas E. Purpura and Donald R. Laster, Jr., claiming to represent "We the People," demand a temporary restraining order to halt the implementation of the Patient Protection and Affordable Care Act ("ACA" or "the Act").  But plaintiffs' affidavit on its face does not come close to establishing the prerequisites for the extraordinary, emergency relief that they seek.  To obtain preliminary injunctive relief, plaintiffs must show "(1) a likelihood of success on the merits; (2) he or she will suffer irreparable harm if the injunction is denied; (3) granting relief will not result in even greater harm to the nonmoving party; and (4) the public interest favors such relief."  *Bimbo Bakeries USA, Inc. v. Botticella*, 613 F.3d 102, 109 (3d Cir. 2010) (internal citation and quotation marks omitted).

    Defendants will demonstrate in subsequent briefing that each of the fifteen counts of plaintiffs' complaint is meritless.  Here, however, it is enough that

plaintiffs plainly fail to satisfy the second factor; they make no effort to show any irreparable harm to themselves if preliminary relief is denied.  In place of the required showing of irreparable harm, plaintiffs quote Plato on indignation and injustice, Aff. at 1, decry "the soft tyranny being instituted by the legislative branch of government," *id.* at 3, claim that the Act "renders the Judicial branch of our government irrelevant," *id.* at 4, and assert that as a result of the Act, "equity and justice is/was non-existent!," *id.* at 5.  But mere rhetorical flourish does not demonstrate harm of any sort, much less irreparable harm.  Even given the solicitude shown to plaintiffs proceeding pro se, these "bare assertion[s]" do not suffice.  *Southern New England Tel. Co. v. Global NAPs, Inc.*, 2007 WL 3171949, at *4 (D. Virgin Islands 2007) (unpublished).  This failure alone dictates denial of their application for a TRO.  *See TES Franchising, LLC v. Dombach*, 2010 WL 3946274, at *5 (E.D. Pa. Oct. 7, 2010) ("[A] failure to demonstrate irreparable injury must necessarily result in the denial of a temporary restraining order.") (internal citation and quotation marks omitted).

Emergency injunctive relief is particularly inappropriate because the central provision that plaintiffs challenge—the requirement that Americans maintain a minimum level of health insurance coverage or pay a penalty for failing to do so—does not take effect until January 1, 2014.  This provision cannot possibly inflict any injury, much less any irreparable harm, years before it becomes effective.  Although plaintiffs are correct that "select sections of the 'Act'" have already begun taking effect, Aff. at 2, plaintiffs have not identified those provisions, nor have they made any effort to show how those provisions are currently harming them.  Instead, plaintiffs literally reveal nothing about themselves other than their names, their addresses, their affiliations with various Tea Party groups in New Jersey, and that they do not like the challenged statute.

The application for a temporary restraining order should be denied.[1]

Dated: October 19, 2010                         Respectfully submitted,

                                                TONY WEST
                                                Assistant Attorney General

                                                IAN HEATH GERSHENGORN
                                                Deputy Assistant Attorney General

---

[1]  Defendants also note that plaintiffs have not properly served the United States.  *See* Fed. R. Civ. P. 4(i)(1)(A)(i).

PAUL J. FISHMAN
United States Attorney
District of New Jersey

JENNIFER RICKETTS
Director

SHEILA LIEBER
Deputy Director

<u>s/ Ethan P. Davis</u>
ETHAN P. DAVIS
Trial Attorney
United States Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Ave. NW
Washington, D.C. 20001
Tel: (202) 514-9242
Fax: (202) 616-8470
Ethan.P.Davis@usdoj.gov