# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NICHOLAS E. PURPURA, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 3:10-CV-04814 (FLW) |
| v. ) | |
| ) | Motion Day: January 17, 2011 |
| KATHLEEN SEBELIUS et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**MEMORANDUM IN SUPPORT OF
MOTION TO STAY PROCEEDINGS ON
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

## PRELIMINARY STATEMENT

On December 10, 2010, before serving their complaint on the United States Attorney's Office for the District of New Jersey, plaintiffs moved for summary judgment on their challenges to the constitutionality of the Patient Protection and Affordable Care Act ("the ACA"), including plaintiffs' allegations that the tax on tanning salons discriminates against white individuals, that the ACA violates the Posse Comitatus Act and the Fourth Amendment's protection against unreasonable searches and seizures, and that the President cannot serve because he is not a United States citizen. Plaintiffs' attempted rush to judgment on the constitutionality of this statute—which contains many provisions that will not even go into effect until 2014—should be rejected.

In a motion to dismiss that will be filed on or before January 31, 2011, defendants intend to challenge the facial validity of plaintiffs' complaint on threshold jurisdictional grounds. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1869)). In particular, defendants intend to challenge plaintiffs' standing to sue. A decision in defendants' favor on this anticipated motion to dismiss would therefore render

moot plaintiffs' motion for summary judgment or, at a minimum, focus any remaining issues. Accordingly, as a stay of briefing on plaintiffs' motion for summary judgment is in the interests of judicial economy, defendants' request should be granted pending this Court's disposition of the forthcoming motion to dismiss.

## BACKGROUND

On September 20, 2010, plaintiffs filed their complaint against defendants, challenging the constitutionality of the Patient Protection and Affordable Care Act (the "ACA" or the "Act"), Pub. L. No. 111-148, 124 Stat. 119 (Mar. 23, 2010). On October 1, before serving their complaint on the United States Attorney's Office for the District of New Jersey, plaintiffs filed a petition for a temporary restraining order and a proposed order to show cause. Dkt. # 4. Defendants filed a letter in response to the petition for a TRO on October 19, *see* Dkt. # 8, and this Court denied the proposed order to show cause the following day. Dkt. # 9. Plaintiffs filed a document called a "REPLY AFFFIDAVIT [sic] IN SUPPORT ORDER TO SHOW CAUSE FOR A RESTRAINING ORDER and/or REARGUMENT FOR AN IMMEDIATE STAY (Recall and Vacate prior denial) OR SUMMARY JUDGMENT VIOLATION Title 28 U.S.C. 1331 & CIVIL RIGHTS Request for Declaratory Judgment" on October 25. *See* Dkt. #10. Treating this document as a

request for reconsideration, defendants responded on October 28, *see* Dkt. #11, and this Court denied plaintiffs' motion on October 29.  Dkt. #12.

In two letters to the Court, plaintiffs then demanded that Judge Wolfson recuse herself.  *See* Dkt. #13 (referring to an in informal letter sent by plaintiffs); Dkt. #14.  On December 7, Judge Wolfson informed the parties that she would not respond to an informal request for recusal.  Dkt. #15.  This motion for summary judgment followed on December 9, which was noticed for January 3, 2011.  Dkt. #16.[1]

---

[1] On December 15, 2010, the U.S. Attorney's Office received a mailing from plaintiffs containing plaintiffs' "Request for Declaratory Judgment" as well as a copy of the complaint filed in Civil Action No. 10-91 in the United States District Court for the Northern District of Florida.  This mailing did not include a summons, and service has therefore still not successfully been accomplished.  Nevertheless, defendants intend to file a motion to dismiss this case on or before January 31, 2011.

## ARGUMENT

The Court has inherent authority to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The fundamental jurisdictional issues that defendants will raise in their motion to dismiss, as well as interests of efficiency and judicial economy, make it appropriate for the Court to resolve defendants' motion to dismiss before beginning proceedings on plaintiffs' motion for summary judgment.

Defendants' motion to dismiss will raise threshold questions concerning whether plaintiffs have standing to bring their claims. These questions should be resolved before any proceedings on the merits. *See Bowers v. Nat'l Collegiate Athletic Ass'n*, 346 F.3d 402, 416 (3d Cir. 2003) (courts must "answer questions concerning Article III jurisdiction before reaching other questions"); *see also Steel Co.*, 523 U.S. at 94 ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1869)).

Because defendants' forthcoming motion will request relief that would put an end to the litigation, requiring the parties and the Court to address plaintiffs' summary judgment motion at this time, including preparation of opposition papers

and argument, would result in a waste of the Court's and the parties' resources. For this and related reasons, courts routinely defer consideration of motions for summary judgment while dispositive motions to dismiss remain pending. *See, e.g., Ticor Title Ins. Co. v. FTC*, 625 F. Supp. 747, 749 n.2 (D.D.C. 1986) (holding in abeyance plaintiff's motion for summary judgment "pending resolution of threshold questions of jurisdiction and justiciability"); *see also, e.g.*, *Pub. Citizen, Inc. v. Bomer*, 274 F.3d 212, 216 n.3 (5th Cir. 2001) (noting that district court stayed defendant's summary judgment response pending ruling on motion to dismiss); *Lac Courte Oreilles Band of Lake Superior Chippewa Indians of Wis. v. Salazar*, 2009 WL 2029790, at *1 (W.D. Wis. July 8, 2009) (noting that briefing on plaintiff's motion for summary judgment had been stayed pending resolution of defendants' motion to dismiss); *Hill v. Chalanor*, No. 9:06-cv-438, 2008 WL 907363, at *1 n.1 (N.D.N.Y. Mar. 31, 2008) ("[S]uch a decision makes sense because, if the Court were to grant Defendants' renewed motion to dismiss, [it] would moot Plaintiff's renewed motion for summary judgment."); *Ramirez v. Meli*, No. 04-C-0786-C, 2005 WL 984365, at *1 (W.D. Wis. Apr. 27, 2005) ("[U]ntil this court determines whether the claims raised in plaintiff's motion for partial summary judgment will survive defendants' motion to dismiss, it is reasonable to stay briefing on the motion."); *Hamrick v. Farmers Alliance Mut. Ins. Co.*, No. 03-4202, 2004 WL 723649, at *1 (D. Kan. March 11, 2004) ("[I]t is in the interest of

judicial economy to defer briefing and determination of plaintiff's summary judgment motion until such time as the Court determines the jurisdictional issue raised in the motions to dismiss.").

## CONCLUSION

For the reasons stated above, defendants respectfully request that the Court stay all proceedings on plaintiffs' motion for summary judgment until after the Court has ruled on defendants' motion to dismiss. Defendants further request that, if plaintiffs' complaint survives the motion to dismiss, the time to respond to plaintiffs' motion for summary judgment be set at twenty-one days after this Court's decision on the motion to dismiss. If this Court denies this motion to stay proceedings, defendants respectfully request that the time to respond to plaintiffs' motion for summary judgment be extended until 21 days after this Court denies the motion to stay proceedings.

DATED:  December 23, 2010　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　TONY WEST
　　　　　　　　　　　　　　　　　　　　Assistant Attorney General

　　　　　　　　　　　　　　　　　　　　IAN HEATH GERSHENGORN
　　　　　　　　　　　　　　　　　　　　Deputy Assistant Attorney General

　　　　　　　　　　　　　　　　　　　　PAUL J. FISHMAN
　　　　　　　　　　　　　　　　　　　　United States Attorney
　　　　　　　　　　　　　　　　　　　　District of New Jersey

　　　　　　　　　　　　　　　　　　　　JENNIFER RICKETTS

Director

SHEILA LIEBER
Deputy Director

s/ Ethan P. Davis
ETHAN P. DAVIS
Trial Attorney
United States Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Ave. NW
Washington, D.C. 20001
Tel: (202) 514-9242
Fax: (202) 616-8470
Ethan.P.Davis@usdoj.gov

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that, on the date and by the methods of service noted below, a true and correct copy of defendants' Motion to Stay Proceedings On Plaintiffs' Motion for Summary Judgment was served on the following:

      Served Electronically through CM/ECF:

          NONE


      Served by First Class Mail:

          Nicholas E. Purpura, pro se
          1802 Rue De La Port
          Wall, NJ 07719

          Donald R. Laster, Jr., pro se
          25 Heidl Avenue
          West Long Branch, NJ 07764


DATED: December 23, 2010


                                      /s/ Ethan P. Davis
                                      ETHAN P. DAVIS
                                      Trial Attorney
                                      U.S. Department of Justice