United States
District of New Jersey

------------------------------------------------------x

Civil Docket No.3:10-CV-04814-GEB-DEA

Nicholas E. Purpura, *pro se*
Donald R. Laster Jr. *pro se*
et al.

       Plaintiffs

          v.

Individually & in their Official Capacity

UNITED STATES DEPARTMENT OF HEALTH
AND HUMAN SERVICES;
KATHLEEN SEBELIUS, in her official capacity
Individually & in their Official Capacity as the
Secretary of the United States, Department of Health
And Human Services;
UNITED STATES DEPARTMENT OF THE TREASURY;
TIMOTHY F. GEITHNER, in his official capacity as the
Secretary of the United States Department of the Treasury;
UNITED STATES DEPARTMENT OF LABOR; and HILDA
L. SOLIS, in her official capacity as Secretary of the United States
Department of Labor,

Defendants.

------------------------------------------------------x

**REPLY AFFIDAVIT
TO DEFENDANTS
MOTION
FOR STAY
AND REQUEST FOR
IMMEDIATE FORFEITURE
AGAINST DEFENDANTS**

Motion Date : January 18, 2011



RECEIVED
JAN - 3 2011
AT 8:30
WILLIAM T. WALSH —M
CLERK

PRELIMINARY STATEMENT

"*We the people*" say for Defendants to move after the fact to postpone the Summary Judgment
for Default would warrant they demonstrate the requisite basis for relief, or even the need. *See,*
*Summers v. Lies*, 368 F.3d 881, 887 – *Cance v. Pactel Teletrac, Inc.*, 242 F.3d 1151, 1161 N6;
*Stanback v Best Diversified Products,Inc*. 180 .3d 903, 911.  They have utterly failed to do so!

What is before this Honorable Court and served on Plaintiffs on December 30, 2010 at 4:30 PM is nothing less than procedural chicanery both on the Court and Plaintiffs. What is more disturbing is the perfidious manner in which the DOJ is operating.

Defendants pick and choose, taking words out of context, concerning allegations set forth in the *"Peoples'"* Petition. Yet, at all times failing to address a single abridgment of the United States Constitution.

This in no way demonstrates *"excusable neglect"* for failing to answer the Summary Judgment for Default, or the original Petition, in a timely manner. In short, Defendants' counsels are outright lying to this Court. If there be any doubt let there be an open hearing to establish a Court record.

Defendants' audacity knows no bounds, telling the Court on page 2, they will present a Motion to Dismiss on or before January 31, 2011, challenging the validity of Plaintiffs' Complaint. And, then presenting the Court with an Order for Her Honor's signature.

Defendants present the Court a distorted chronological background of events, omitting relevant facts and law, in the hope this Court will act in connivance with procedural chicanery, asserting jurisdictional questions and improper service.

Defendants are attempting to establish justification to present their own motion for dismissal, ignoring the untimeliness of such a motion, which is addressed below in counter argument.

Defendants are also guilty of intentionally failing to serve the *"People"* Plaintiffs' in a timely manner since their papers are postmarked and dated December 23, 2010. Plaintiffs received them on December 30, 2010 at 4:30 PM. Nor, can Defendants demonstrate a timely service upon Plaintiff would coincide with submission of their papers to the Court.

The Cir,. Courts have held, see *Adams v. Allied Signal General Aviation Avionics*, 74 F.3d 882 887 (8th Cir): *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir.), good cause requires showing valid reasons for delay, such as defendants did in this motion attempting to evade service upon Plaintiffs to get an strategically advantage over *pro se* litigants.

Defendants also failed to inform the Court as required by L.Civ.R. 7.1(d)(2) and (3) … and any application for such an extension shall advise the Court whether other parties have or have not consented to such request. Nowhere in Defendants' papers is any mention of Plaintiffs' consent or denial.

Please Take Judicial Notice: On December 29, 2010 in the evening, Plaintiff returned a call to Ethan P. Davies, Esq. DOJ [on his private cell line] after 6:PM requesting the "*People*" grant an extension of time. Said request was denied since Plaintiff pro se., is representing the "*People*" was without authorization from those named in the Complaint. At no time did Mr. Davis indicate that any motion had been presented to the Court for a Stay. Clearly, this is/was unethical behavior, since he was aware a Motion was before the Court.

By law, no enlargement of time is allowable without a motion or notice order for enlargement of time if request fails to be made before expiration of the original time period—The original time period is long gone and Defendants have had one extension of time already. Nor did Defendants at any time request an enlargement of time.

COUNTER ARGUMENT

Amendment 1, assures the "*People*" the right to petition their government for *a redress of grievances*. If Congress and the Executive branch refuse to adhere to the Constitution, it is the sworn duty of this Court to protect the rights of the people. See, "*Bell v. Hood*," the Supreme Court 327 U.S. 678, 66 S.Ct. 773 90 L.Ed. 939:

> "*where federally protected rights have been invaded, it has been the rule from the beginning that courts will be alerted to adjust their remedies so as to grant the necessary relief.*"

Defendants put forth the flaccid argument Plaintiffs lack standing to sue, but fail to present any legal argument to support their unfounded allegation. They make the ludicrous assumption that a pending motion, not yet presented is justification to grant a stay and cancel the date of the hearing. Surely this must be questioned?

The Supreme Court has held, see, *Lujan v. National Wildlife Fed'n,* 497 U.S. 871, 888-89, 110 S.Ct. 3177, 3188-89, 111 L.Ed… 2d 695 (1990). *See also Al-Zubaidy v. TEK Indus., Inc.*, 406 F.3d 1030, 1036 (8th Cir. 2005), "Evidence, not contentions, avoids Summary judgment".

As this Court is aware, Rule 50(a) makes clear: a mere "scintilla" of evidence, or evidence that is only "colorable" or is not sufficiently probative, is not enough to defeat a summary judgment. Any reasonable jury with reading ability would understand the blatant violation of the Constitution as set forth in the Peoples Petition and Motion for Summary Judgment.

The Supreme Court makes clear concerning the burden is placed on the non-moving party (Defendants). *See Anderson v Liberty Lobby, Inc.*, 477 U.S. 2452, 248-52, 106 S.Ct. 2505, 2510-12, 91 L.Ed.2d 202 (1986). *Cf. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986), commenting that where factual context of a claim or defense is implausible, the non-moving party must come forward with more persuasive evidence than would otherwise be necessary.

Defendants have failed to meet the requirements of Rule 8(b) that do not permit defendants to avoid "requirement that Defendants to respond to all allegations in a complaint" and creates no exception for so-called "legal conclusion".

Throughout Defendants' reply are unsupported conclusionary statements that totally failed to demonstrate "beyond a doubt" that the *"People"* can prove no set of facts in support of their claim that entitles relief. See, *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102 L.Ed2d 80.

Also relevant is the misapplication of the cases cited by Defendants' counsel. Clearly Defendants' counsels misguidedly believe neither the Court, nor *pro se(s)*, will review their cited cases.

NOTE: *Steel Co. v.* page 103 references the same standing issues as did Judge Vinson's recent ruling in Florida which supports Plaintiffs' standing. In the case of "Steel" the Defendants won because the Plaintiffs did not allege an on-going violation - just past violations that were corrected. And it was also a case that the remedies asked for were meaningless and would not actually produce anything meaningful. Just the opposite of our suit; *Ex parte MCardle* This is about jurisdiction specifically granted by legislation. Not relevant to issues at bar, since "people" are alleging Constitutional issues; *Landis V. North American Co.* Ordered District Court to proceed and not wait for other *so-what* related cases to proceed. That clearly supports Plaintiffs: *NCAA v R M Smith*. Not relevant to the issue at bar. This was a *pro se* suit attempting to force the NCAA to make an exception to their rules regarding student-athletes.*Margaret Peggy Lee Mead v. Eric H. Holder Jr.* Plaintiffs filed for Summary Judgment 2 days before response was due. *"People"* waited more than 20 days after the response to the *"People's"* original Petition was due. Is not more than three months more than enough time for Defendants to reply?

<u>Defendants' attorneys searching for a technicality to Plaintiffs' Service</u>:

Ethan P. Davis, Esq, requested on December 14, 2010 that *pro se* representative send a copy of the original brief to the DOJ New Jersey Division so that there would be no problems arising concerning service. Mr. Davis assured Plaintiff that the case would proceed and not to worry - "*just sent them a copy*."

Thereafter, we find on page 4 a note, to the court concerning proper service. Clearly the "*People*" are dealing with unethical and devious individuals who will stoop to every underhanded tactic available, since they are unable to answer the "*Peoples*" Complaint. Is this not unbecoming behavior for an officer of the Court?

<u>It's time to put the service argument to rest</u>:

## Civ. RULE 5.2 ELECTRONIC SERVICE AND FILING DOCUMENTS

(1) Papers served and filed by electronic means in accordance with procedures promulgated by the Court are, for purposes of Federal Rule of Civil Procedure, served and filed in compliance with the local civil and criminal rules of the District of New Jersey.
(2) Clearly service by electronic transmission was accepted and relied upon by Plaintiffs and defendants and deemed complete upon transmission. See Rule 5(b)(2)(D) See also Rule 5(b)(2)(D) advisory committee note 2001 amendments
(3) Defendants received and so acknowledge and also were served with a signed hard copy that was accepted – by USPS register mail return receipt;
(4) Clearly the rules in the DNJ clearly state an individual or official does not need to be served twice;
(5) What is also being discounted in their argument is without dispute that the Department of Health and Human Services etc. had at the time of the signing of H.R. 3590 established a special legal division established to accept all legal arguments against the "Act" in question.

Therefore we have <u>acceptance</u>, next we have <u>acknowledgment and performance</u>:

(1) On October 19, 2010 Defendants' counsel, in a document submitted to this Court, Defendants' counsel acknowledged in writing and so stated they would reply to the original filing. See, October 19, 2010 Letter that was substituted for a reply to our TRO in which Defendant say: "*Defendants will demonstrate in subsequent briefing that each of the fifteen counts of plaintiffs' complaint is meritless.*"

We have **Acceptance, Acknowledgment and Performance** therefore it is without argument the "*Peoples*'" <u>Complaint is ratified and legally must proceed</u>.

Clearly, Defendants' counsels were intentionally avoiding any claim or notification of a defect in service that was an issue in contention while each proceeding was taking place. At all times Defendants' Counsels were accepting service and responding to each motion as if validly signed, served, and acted upon. The "*People*" are aware that counsel is only practicing law for a short period of time, but surely he and those assisting at the DOJ are familiar with the "Doctrine of Laches," and "estoppel," especially when attempting to use a technicality after the fact.

It is without dispute said Petition is enforceable – first, the service was in writing, second it was properly subscribed to by the parties and thirdly it was acknowledged in performance – therefore within the meaning of the law said Petition is ratified. Therefore, it is without argument Defendants recklessly ignored the *FRCP*, as if  judicial estoppel, Laches were non-existent by not replying.

"Doctrine of Laches' is based upon maxim that equity aids the vigilant and not those who slumber on their rights. If there be an doubt, its defined as neglect to assert right or claim which, taken together with lapse of time and other circumstances causing prejudice to adverse party, operates as a bar in court of equity. *Wooded Shores Property Owners Ass'n, Inc. v. Mathews*, 37 Ill.App. 34d 334, 345 N.E.2d 186, 189. The neglect for an unreasonable and unexplained length of time under circumstances permitting diligence, to do what in law, should have been done. *Lake Development enterprises, Inc. v. Kojetinsky, Mo.App.*, 410 S.W.2d 361, 367.

"*Estoppel* simply states that a party is prevented by his own acts from claiming a right to detriment of the other party who was entitled to rely on such conduct and has acted accordingly. See *Graham v. Asbury*, 112 Ariz. 184, 540 P.2d 656, 658. An estoppel arises when one is concluded and forbidden by law to speak against his own act or deed. Laches' estoppel by a failure to do something which should be done or to claim or enforce a right at the proper time. *Hutchinson v. Keny, C.C.A.N.C.*, F2d 254, 256. A neglect to do something which one should do, or to seek to enforce a right at a proper time.

Therefore, it is without legal argument Defendants are without remedy in law since they violated equitable estoppel. The doctrine is unambiguous, a person may be concluded by his act or conduct, or silence when it is his duty to speak, from asserting a right which otherwise would have had. *Mitchell v. McIntee*, 15, 15 Or.App. 85514 P.2d1357, 1359. **The effect of voluntary conduct of a party whereby he is precluded from asserting rights against another who has justifiably relied upon such conduct and changed his position so that he will suffer injury if the former is allowed to repudiate the conduct.** *American Bank & Trust Co. v. Trinity Universal Ins. Co.*, 251 La. 455, 205 So.2d 35, 40.

The Court is well aware it is universally agreed upon in United States Courts that a dismissal is disfavored. Defendants make the ludicrous claim they will prove in a later Motion that Plaintiffs are without standing. Yet, failed to address a single count listed in the Summary Judgment that demonstrates the usurping of the U.S. Constitution. Especially given the fact that Defendants routinely fail to recite any "material evidence" needed to prove Plaintiffs would not prevail at trial. Nor have Defendants even presented a memorandum of law pointing to a single citation that supports their conclusionary argument to show plaintiffs would not prevail.

Yet, Defendants would have Her Honor be affirmatively linked in her capacity to the deprivation of the "*Peoples*" federal rights.

Defendants have no legal basis to protract the litigation on technicalities since no excuse exists for a violation of the rule 8(b), 8(d), 9 and 12.

Please take Judicial Notice: This Court is requested that Defendants be ordered to serve Plaintiffs by Federal Express Next Day service, since they have shown a propensity to play procedural games in their service of papers on the "*People*".

Each claim for relief presented in the "*Peoples*" original Petition spelled out the danger of the tyranny when the legislature and executive branch are controlled by a single politically powerful party which can unilaterally erase the Constitutional rights of the people of their State, and whom have displayed the audacity to expose the citizens of their State to physical as well and financial damage.

Defendants were granted an automatic stay that postponed the January 3, 2011 date of the hearing to January 18, 2011. Accordingly the Plaintiffs were scheduled to receive Defendants reply to the Summary Judgment for Default no later than January 3, 2010. No excuse exists for any additional time is legally or justifiably acceptable.

If Defendants truly believed the automatic stay of two additional weeks was insufficient they should have at the time made a motion for an extension of time for a stated period. They failed to do so. What is more disconcerting the Justice Department maintains an army of attorneys, what legitimate reason could possibly exist to grant any further delay in replying?

The Rules clearly state, any enlargement of time is restricted, by most if not all Courts, especially when the failure to act was not a result of excusable neglect, *See Spears v. City of Indianapolis,* 74 F.3d 153, 157: *"When parties wait until the last minute to comply with a deadline, they are playing with fire."* The fire is raging -- no excuse was set forth in Defendant motion for a stay or an extension of time. It is without argument Defendants' counsels failed the required requisite to set forth "excusable neglect" that would allow for any preferential treatment in relation to an extension of time.   Which is more ludicrous is that the request is to allow Defendants time to write and present their own brief prior to answering the outstanding motions before the Court that by law take precedence.

Defendants reply papers to the original Petition were due on or before November 23, 2010. Which Defendant's counsels acknowledged in writing.  See October 19, 2010 Letter, part of the official record that was substituted for a reply to our TRO in which Defendant stated: *"Defendants will demonstrate in sequent briefing that each of the fifteen counts of plaintiffs' complaint is meritless."*

By law, no meritorious reasoning exists to grant Defendants Motion for a Stay. Especially, given the fact they failed at all times to submit a Motion for an enlargement of time prior to the expiration date for a second time. Their own carelessness and inattention exemplifies a willful disregard of the process of the Court particularily after notice was given with more than sufficient time to respond.

Defendants would have the Court ignore the fact that the Summary Judgment for Default has now been <u>calendared for a second time</u>. Rules 6 is unambiguous; "*a party's failure to act within the designated period deprives the District Court of its power of enlargement without demonstrating excusable neglect.*"

To attempt to use manipulation, distortion of fact, or any technicality, to exempt them from their duty and obligation only demonstrates further their motion is submitted in "bad faith" solely as a delaying tactic and by law, must be denied.

Each day that passes this unconstitutional "Act" is implemented and further violates the guaranteed protected rights of the "*People*" as set forth in the U.S. Constitution. This, as well as costing the taxpayers "*We the People*" unnecessary expenses and making it even more difficult to reverse what has been implemented thus far. It is vital that each constitutional question be addressed post haste. Each day that passes additional unconstitutional governmental bureaucracies are being created at the people's expense.

<u>Legal Notation</u>: The "*People*" of the State of New Jersey allege the Court is bound by Article V, Section 3, of the Constitution that states in part; "...*The Senators and Representatives before mentioned, and Members of several State Legislatures, and all executive and <u>judicial; Officers, both of the United States and of the several States, shall be bound by Oath or Affirmation, to support this Constitution;</u>....*"

Defendants failed to respond and justice demands any further implementation of any part of the "Healthcare Legislation" must be stopped.  Defendants were required to demonstrate for this Honorable Court that "H.R. 3590" does not violate the U.S. Constitution. Citing Article, Section and Paragraph and Amendments of the U.S. Constitution the Plaintiffs demonstrated the enactment of said Legislation is unconstitutional as set forth in the "*Peoples*" fifteen Count Petition.

Defendants expect this Court to act with "*deliberate indifference*" by their manipulative tactics, expecting Your Honor to ignore Your sworn oath to uphold the U.S. Constitution, and allow further protraction of this litigation.

Clearly Defendants would have Your Honor's Judicial conduct "affirmatively linked" in a supervisory capacity to a deprivation of the "*Peoples*" federal rights" making Your Honor an

accomplice to Judicial wrong doing.   As your Honor knows the *"People"* could site every federal Circuit Court, instead we will simply reference three Circuits to show the danger the Defendants are attempting to place Your Honor in:

1.  2nd Cir. 1995 *Colon v Coughlin*, 58 F3 865; direct participation in wrongdoing, failure to remedy a wrong after being informed of it is a gross negligence, deliberate indifference failure to act on information about a constitutional violation. See also *Hernandez v Keane*, 341 F3 137 2nd Cir. 2003 – *Poe v. Leonard*, F3 123 (2d Cir 202)

2.  3rd Cir 1988 *Robe v Dellarciprete*, 845 F3 1195 must have had knowledge of and acquiescence in unlawful conduct Accd. Bank v Monroe Township.

3.  4th Cir 1999 *Carter v. Coughlin*, 558 F3 865: direct  participation in wrongdoing, failure to remedy a wrong after information of it, is gross negligence, deliberate indifference, failure to act on information about constitutional violation.

Instead, the Court must act to immediately expedite the *"Peoples"* Petition in the interest of substantial justice to preserve the Republic. Only an honest unbiased judiciary can assure that the U.S. Constitution is not trampled upon. It is the foundation upon which our freedoms depend, the *"People"* say; nothing is more important than the United States Constitution, the Supreme Law of the Land!

To claim that this Court must determine whether the claims raised in Plaintiffs' motion for a Summary Judgment for Default will survive is not only absurd but reeks of inanity since Defendants failed to answer a single Motion before the Court.   Defendant's failure to respond demands an immediate forfeiture granting a Summary Judgment for Default in the *"Peoples'"* favor. Especially since this is the second time Defendants have failed to meet the requirements set forth in the FRCP 8(b), 8(d) 9, and rule 12.

WHEREFORE, the *"People"* Plaintiffs respectfully request the Court rule in favor of the *"People"* and let Defendants appeal on the record that now stands before this prayerfully Honorable Court.

Respectfully submitted,

Dated December 31, 2010

Plaintiffs: Nicholas E. Purpura, *pro se*   Donald R. Laster, *pro-se*