Nicholas E. Purpura/ Donald R. Laster Jr.
1802 Rue De La Port Dr.
Wall, New Jersey 07719
(732) 449-0856

February 3, 2010

U.S District Court
Hon. Freda L. Wolfson
c/o Paul J. Fishman, Esq.
402 E. State Street, Rm. 2020
Trenton, New Jersey

RECEIVED

FEB 0 7 2011

AT 8:30_____M
WILLIAM T. WALSH
CLERK

To Be Made Part of the Official Record
Re: <u>PURPURA et al v SEBELIUS 3:10-cv-04814-GEB-DEA</u>

Dear Judge Wolfson:

Your Honor has calendared the Summary Judgment Motion for Default for February 22, 2011.

The "*People*" must also remind this Court the move to postpone the Summary Judgment ruling required the Defendants to demonstrate the requisite basis for relief especially after two previous unwarranted stays, or even the need; since they were given more than ample time to respond. Case law abounds to support above this statement *see*, <u>Summers v,Leis</u>, 368 F. 3d 881 884 <u>Chance v. Pactel Teletrac. Inc</u>. 242 F.3d 1151 1161 N6 <u>Stanback v. Best Diversified Products, Inc</u>. 180 F.3d 903, 911. One could make a case this was done in bad faith.

Nonetheless, with respect to the matter "*We the People*" say this is no longer just a Motion for a Summary Judgment. Clearly, Defendants have expanded the litigation to include the Petition itself. Defendants Opposition is titled: "Memorandum in Opposition to Plaintiffs' Motion for Default Summary Judgment <u>and in Support of Defendants Motion to Dismiss for Lack of Jurisdiction</u>."

Therefore what we are facing here is <u>an issue of finality</u>. As this District Court is aware the fundamental requisite of "*due process*" of law is the opportunity to be heard" See <u>Grannis v Ordean</u>, 234 U.S. 385, 394, <u>Milliken v. Meyer</u>, 311 U.S. 467; <u>Priest v Las Vegas</u>, 232 U.S. 604; <u>Roller v. Holly</u>, 176 U.S. 398 all of which held:

> "A*n elementary and fundamental requirement of it "due process of law" in any proceeding which is accorded finality is notice reasonably calculated, under all the circumstances, to apprise interest parties of the pendency of the action and <u>most importantly afford them an opportunity to be present, is the opportunity to present their objections</u>."

Surely it is inarguable a Motion for Summary Judgment for Default and a Motion to dismiss the Petition qualifies as finality.

1

The "*People's*" Opposition to Defendants consists of 50 pages of irrefutable fact, not supposition or falsity of facts, that have been submitted by Defendants counsels in their "Memorandum in Opposition to both the "Summary Judgment and Petition."

Justice demands this court carefully weigh each Count and address each Count in Her Honor's "Decision and Order". To do less, would make a mockery of our judiciary as protectors of the Constitution and the Republic.

That being said, again, Plaintiffs, respectfully request Your Honor, to grant Oral argument in an open proceeding which "is a matter of right" at which time a record can be established if an appeal becomes necessary. Surely, the court can appreciate the need for the opportunity to present any objections to Defendants arguments in the "*interest of substantial justice*."

Plaintiffs are aware that under the Rules oral argument was not required for the Summary Judgment if that were the only issue. Though oral argument maybe rare, but when the facts are undisputed and because the trial court may not, under Rule 56, resolve any facts that remain disputed oral testimony in a Summary Judgment proceedings will be granted. See *Seamous v. Snow*, 206 F.3 1021, 1025-26. In view of the complexity of the matter and based upon Defendants misleading, and duplicitous reply without conducting an "oral argument" would deprive all parties concerned of a record. And more importantly, there's more than a Summary Judgment before the Court

Regardless how this Honorable Court rules, we all know this matter will undoubtedly be heard before the Supreme Court, and for that reason a complete record is needed. As the Honorable Judge Steeh (Michigan) stated: "*obviously this is an issue of first impression*".

The "*People*" are aware the Court must consider the pleadings and affidavits in light most favorable to Plaintiffs, *Compuseve*, 89 F3d 1262. In such a case, dismissal is appropriate *only if all the specific facts which Plaintiff...alleges collectively fail to state a prima facie case for jurisdiction*. As this Court knows any Constitutional challenge requires adjudication regardless of any minor technicality. Though plaintiffs say none exists and if they did, the opportunity to raise them now is in contradiction to the *FRCP*.

It is without argument the "*People*" overwhelmingly fulfilled their burden of proof by a preponderance of evidence of violations of the *Supreme Law of the Land*; to quote Judge Hudson (Va.); the "Act"; "*is neither within the letter nor the spirit of the Constitution*," since "H.R. 3590" violates Articles and Amendments of the Constitution, to include established statutory legislation. See *United States v Local 560, International Brotherhood of teamsters*, No. 82-689, slip op (D.N.J.) *Hirsch v. Enright Mfg.*, 577 F Supp. 339 (D.N.J.). *Farmers Bank of State of Delaware v. Bell Mortgage Co.*, 452 F. Supp. 1278, *See also Herman and McClean v. Huddleston*, 10-3 S. Court 682.

A denial of oral argument will <u>again</u> allow Defendants to rely on a vague and ambiguous response, based upon unsubstantiated conclusionary fact and law, in absence of a plausible legal theory. Instead of the required specific responsive pleading, that is mandated, *see, FRCP* 8(b) and (d). All one has to do is address Count 1, that demonstrates the "Act" reeks of fraudulent

conveyance, notwithstanding the additional 14-Counts before this Court; that are unconstitutional and discriminatory.

It is without question the Court would be unable to make a proper finding and conclusion based upon submission of papers. Since Defendants have thus far shown a propensity to omit, distort, and misapply legal precedent, as they did previously to confuse the Court (twice) in their procedurally infirm opposition papers to the *"People's"* Show Cause Order[s] for TRO's.

**Plaintiffs' are *pro se*, our opposition is the entire DOJ consisting** of scores of attorneys, if no crimes or violations were committed as alleged, why should such a mighty force of Defendants' counsels fear arguing against two *pro se* litigants. Or do they, God forbid, fear a factual record where adjudication on the issues can be more accurately accomplished after a factual record is developed. See, Flu-Cured Tobacco Co-op Stabilization F. Supp 2137, 1145, Corp v United States EPA, 857

Plaintiffs' are *pro se,* representatives (spokespersons) of an ever growing group of citizens, the *"People"* who under Amendment 1 have the Constitutional right to Petition their government for grievances before the judiciary concerning any un-constitutional "Act". If our Petition is meritless as Defendants counsels allege and no crime or violations, why the fear of arguing or a record?

The Honorable Judge Hudson stated concerning H.R.3590: *"is neither within the letter nor the spirit of the Constitution,"* But his ruling decision would not be the last we have heard on the matter. The same can be said concerning the action before this Honorable Court. Thank you in advance for your consideration to further justice by granting an open hearing and oral argument.

A renewed confidence in our judiciary is in order for the integrity of the judicial system, let that begin herein the District Court (Trenton) New Jersey. The *"People"* are confident Her Honor will adhere to Canon 3A(1) of the Canons of Judicial Conduct being faithful to the law and to maintain professional competence in the law.

The *"People"* await you reply.

Respectfully,

Nicholas E. Purpura, pro *se*                    Donald R. Laster Jr, *pro se*

cc. Ethan P. Davis United States Justice Department (Washington, D.C.)

